**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH SANZARO; MICHAEL SANZARO, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ARDIENTE HOMEOWNERS ASSOCIATION LLC; et al., <br><br> Defendants - Appellees. | No. 12-15067 <br><br> D.C. No. 2:11-cv-01143-PMP-RJJ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted March 12, 2013**

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Deborah and Michael Sanzaro appeal pro se from the district court's

judgment dismissing their action under 42 U.S.C. § 1983, the Americans with

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disabilities Act ("ADA"), and the Fair Housing Act ("FHA") for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Arizona v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 669 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

The district court properly dismissed the Sanzaros' Fourteenth Amendment claim because the Sanzaros failed to allege that any defendant is a state actor. *See Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997) (explaining the requirements of a claim for relief under § 1983).

The district court concluded that the Sanzaros failed to state a claim under the ADA because the Ardiente Homeowners Association clubhouse is a private property. However, private clubs and facilities are exempt from the ADA only if they are "not in fact open to the public[.]" 42 U.S.C. § 2000a(e); *see also* 42 U.S.C. § 12187 (the ADA does not apply to private clubs and facilities exempted by § 2000a). The Sanzaros' allegations that Deborah Sanzaro is disabled within the meaning of the ADA, that the Association denied her disability-related accommodations at the clubhouse, and that the Association allows the public to use the clubhouse for a fee are sufficient to state a claim under the ADA. *See Harkins Amusement Enters.*, 603 F.3d at 670 (explaining the requirements of an ADA claim).

12-15067

Dismissal of the Sanzaros' FHA claim as duplicative of a state court action was improper because the other action is not in the same court as the present action and does not include the Sanzaros' FHA claim. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) (a suit is duplicative, and therefore constitutes impermissible claim splitting, if the court, causes of action, relief sought, and parties are the same); *see also Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) ("[O]verlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity[.]").

The district court did not abuse its discretion in denying the Sanzaros' motions for relief from judgment because the Sanzaros failed to establish fraud, misrepresentation, or misconduct by the opposing party under Fed. R. Civ. P. 60(b)(3). *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth grounds for relief from judgment).

The district court did not abuse its discretion in denying the Sanzaros' motions for recusal because those motions were untimely. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1294-95 (9th Cir. 1992) (reviewing for an abuse of discretion and concluding that a motion for recusal made after entry of judgment is presumptively untimely).

The Sanzaros' contentions that the district court erred in considering defendants' allegedly late pleadings and the arbitration award are unpersuasive.

The Sanzaros' motion asking this court not to consider defendants' answering brief and their request that the case be remanded to a different district court judge are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**